IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01734-BNB

JOHN THOMAS BLACK, JR.,

Plaintiff,

v.

RICHARD MONROW POWERS,
BERT[']S TOWING COMPANY,
WELD COUNTY JAIL, and
ADAM BOREN,

Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 27 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO FILE AMENDED COMPLAINT

---

Plaintiff, John Thomas Black, has filed *pro se* a complaint for money damages. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe the complaint liberally because Mr. Black is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Black v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. **See Black**, 935 F.2d at 1110. For the reasons stated below, Mr. Black will be directed to file an amended complaint.

The Court has reviewed Mr. Black's complaint, and finds that the amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is

entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Black fails to allege any statutory basis for the Court's jurisdiction. *See* complaint at 2. The allegations in his brief discussion of the case and in his four separate claims are difficult to piece together. Plaintiff apparently alleges that, at 2 a.m. on February 14, 2010, Officer Richard M. Powers followed him in his car, arrested him once he reached home, and had his car towed by Bert's Towing Company, which wrecked his car backing it out of his carport. He further alleges that, a few weeks later, Officer Powers had Officer Adam Boren arrest and detained him in the Weld County Jail without probable cause in retaliation for his filing a complaint against Officer Powers with the internal affairs department of the Weld County Police Department. Other than these sketchy allegations, his complaint is unintelligible. As a result, Mr. Black fails to provide "a generalized statement of the facts from which the defendant may form a

responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* In order to state a claim in federal court, Mr. Black "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

It is Mr. Black's responsibility to present his claim or claims in a manageable format that allows the Court and the defendants know what claims are being asserted and to be able to respond to those claims. Mr. Black must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the amended complaint, Mr. Black also must clarify the personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Black must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the

alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Lastly, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The complaint Mr. Black filed is difficult to read because it is single-spaced and written in all capital letters. The amended complaint Mr. Black will be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and D.C.COLO.LCivR 10.1. Mr. Black will be given an opportunity to cure the deficiencies in his complaint by submitting an amended complaint that states his claims clearly and concisely in compliance with Fed. R. Civ. P. 8, legibly in compliance with D.C.COLO.LCivR 10.1, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, John Thomas Black, Jr., **within thirty (30) days from**

**the date of this order**, file an amended complaint that complies with this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Black, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Complaint. It is

FURTHER ORDERED that, if Mr. Black fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED July 27, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01734-BNB

John T. Black, Jr.
805 31st Ave. #B
Greeley, CO 80634

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 7/27/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk